BYRNES, Chief Judge.
The issue in this appeal is whether the trial court correctly granted an exception of lack of subject matter jurisdiction filed *569 by the defendant, Aetna Casualty and Surety Company.[1] We affirm the trial court’s judgment.
On May 1, 2001, in Civil District Court, the plaintiff, Lenore Davis, filed a “Petition to Enforce Contract.” She asserted that her husband died in 1987 in a maritime accident aboard a vessel and that her husband’s employer, Empire Menhaden Company, Inc., was insured by Aetna for worker’s compensation. She further asserted that after her husband’s death, Aet-na made regular compensation payments to her and her children through April of 1991.
Also in her petition, Mrs. Davis stated that in-1988 she filed a lawsuit in federal district court against the owner of the vessel on which her husband died. According to Mrs. Davis, Aetna intervened in this suit and participated in the settlement of the lawsuit, which occurred on December 12, 1990. Mrs. Davis claims that Aet-na failed to make the monthly compensation payment due to her on May 3, 1991 and never resumed payments afterwards. Ten years later, on May 1, 2001, Mrs. Davis filed the petition at issue in this appeal.
lain June 2001, Aetna filed an exception of lack of subject matter jurisdiction claiming that the petition was filed in the wrong jurisdiction because Mrs. Davis sought resumption of compensation benefits under the Longshore and Harbor Workers Compensation Act (LHWCA). After a hearing, the trial court granted the exception by judgment of September 19, 2001. Mrs. Davis appeals this judgment.
In her petition, Mrs. Davis states as her first cause of action that Aetna’s discontinuation of compensation payments was in violation of its contractual duty and was contrary to the terms of the release and receipt she signed when she settled her federal court lawsuit. As her second cause of action, Mrs. Davis asserts that Aetna’s discontinuation of payments was a breach of its contractual duties under the settlement agreement of the federal court lawsuit. As her third cause of action, Mrs. Davis claims that even if the release entitled Aetna to recoup some of what it paid to her in compensation payments, the re-coupment ended in 1995, after which Aetna was in-breach of its obligation to resume monthly compensation payments.
In her appeal, Mrs. Davis argues that the trial court erred in dismissing her petition based on Aetna’s claim that the court lacked subject matter’ jurisdiction. She claims that her petition stated a cause of action under Louisiana contract law. Aetna responds that the petition seeks only the resumption of compensation benefits and, under federal statute, the proper vehicle to use to obtain benefits is a proceeding before the United States Department of Labor.
Having carefully reviewed the petition, we agree with Aetna. The vague references in the petition to agreements associated with the federal court lawsuit, particularly when no alleged agreement is found in the record, do not diminish the basic purpose of the lawsuit — resumption of compensation benefits. In other | swords, regardless of the contrived form of plaintiffs petition, the substance of plaintiffs petition, the substance of it is undeniably a claim under the LHWCA.
The trial court’s judgment does not find that the petition failed to state a cause of action, only that the cause of action *570 stated is not a cause of action over which the court has subject matter jurisdiction. On an exception of lack of subject matter jurisdiction, there is no requirement that the allegations of the petition be accepted as true, as with an exception of no cause of action. Hence, having carefully reviewed the petition, we find that the trial court lacked subject matter jurisdiction over Mrs. Davis’s petition. ■
Mrs. Davis also argues that the Civil District Court has jurisdiction under the court’s broad jurisdiction of all civil matters except when limited by statute. In this case, the court’s jurisdiction is limited by federal statute. The LHWCA provides the means for . obtaining and enforcing compensation benefits, under its statutory framework. See 33 U.S.C. Section 919; Ceres Gulf v. Cooper, 957 F.2d 1199 (5th Cir.1992).[2] Not only is an injured worker’s right to seek claims governed by the LHWCA, but the ability of the employee and employer to settle are controlled by 33 U.S.C. Section 908(i). The LHWCA also addresses the employee’s settlement of a claim against a third party and the effect of such settlements with or without the employer’s written approval. 33 U.S.C. Section 933(g). The foregoing provisions do not allow a state court forum for plaintiffs compensation claims.
In this instance, Mrs. Davis contends that Aetna, the LHWCA employer, consented to the settlement in the suit against the vessel owner and participated in |4the settlement by agreeing to waive any claims against Mrs. Davis or the vessel owner. She contends that although Aetna received a lump sum payment from the vessel owner’s insurer, Aetna was also claiming a credit on the amount she received in the settlement. She does not indicate whether the provisions of Section 908(i) were complied with or whether any orders were issued by the Department of Labor regarding the settlement with the third party vessel owner. She ultimately does not indicate that Aetna agreed to obligate itself to any payments beyond its liability under the LHWCA.
Essentially, contrary to Mrs. Davis’s assertion, we do not read the petition to set forth a claim that Aetna, by contract in the settlement of the suit against the vessel owner, agreed to continue monthly payments and to make no claims for credit against her. Indeed, Aetna disputes that continuation of compensation benefits was even addressed in the settlement at issue.
It is clear that the essence of Mrs. Davis’s claim is one for additional compensation benefits. Aetna’s defense to those claims — the entitlement to a credit against future compensation payments — is determined under the LHWCA. That such a defense arises from a third party settlement under Louisiana law does not usurp jurisdiction under the LHWCA. The LHWCA does not permit the use of a state court forum for plaintiffs compensation claim.
Accordingly, the judgment of the trial court granting Aetna’s exception of lack of subject matter jurisdiction is affirmed.

AFFIRMED.

. Although Aetna is now owned by Travelers Casualty and Surety Company, the party who filed the exception, we will nevertheless refer to Aetna as the appellee because Aetna was originally the defendant in the trial court,

. We find no merit in Mrs. Davis's attempt to distinguish the Ceres case. Although the case has a different, yet parallel, factual context, the case nevertheless contains statements of law relevant to the instant appeal.